2021 PA Super 215

| MATTHEW RUSH AND KATHLEEN MCGROGAN-RUSH | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|---|
| | : | |
| v. | : | |
| | : | |
| ERIE INSURANCE EXCHANGE | : | |
| | : | No. 1443 EDA 2020 |
| Appellant | : | |

Appeal from the Order Entered June 26, 2020
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  No. C-48-CV-2019-01979

BEFORE:   BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E.[*]

OPINION BY DUBOW, J.:                    **FILED OCTOBER 22, 2021**

Appellant, Erie Insurance Exchange ("Erie Insurance"), appeals from the order entered in the Northampton County Court of Common Pleas granting Appellees' ("Insureds") Motion for Summary Judgment in this declaratory judgment action. Erie Insurance challenges the trial court's holding that the "regular use" exclusion clause is unenforceable because it violates the Motor Vehicle Financial Responsibility Law ("MVFRL"). After careful review, we affirm and in this case of first impression, hold that the "regular use" exclusion conflicts with the MVFRL and is unenforceable.

Matthew Rush, a City of Easton police detective, suffered serious injuries when two other drivers crashed into his police car on November 28, 2015. The

_____

[*] Former Justice specially assigned to the Superior Court.

parties agree that Insureds did not own or insure the police car on their Erie Policies and that Mr. Rush regularly used the car for work.

The City of Easton insured the police car through a policy of insurance ("the Easton Policy") that provided for, *inter alia*, $35,000 in underinsured motorist ("UIM") coverage.[1]

Additionally, Insureds insured three personal automobiles on two insurance policies through Erie Insurance. Insureds paid for stacked UIM coverage on both policies ("Erie Policies"). The first policy provided for $250,000 of UIM coverage on one vehicle and the second provided for $250,000 of UIM coverage stacked on two vehicles.[2]

Both Erie Policies include identical "regular use" exclusion clauses, limiting the scope of UIM coverage under the policies. In particular, the "regular use" exclusion precludes Erie Insurance from providing UIM coverage when an insured suffers injuries arising from the use of a motor vehicle that he (1) regularly uses, (2) does not own, and (3) does not insure on the Erie Policies. The relevant provision of the Erie Policies provides:

This insurance does not apply to:

> Bodily injury to "you" or a "resident" **using a non-owned "motor vehicle"** or a "non-owned" miscellaneous vehicle **which is regularly used by "you"** or a "resident", **but not**

---

[1] "UIM coverage is triggered when the tortfeasor's liability coverage is not sufficient to cover the injuries incurred in an accident." ***Generette v. Donegal Mut. Ins. Co.***, 957 A.2d 1180, 1189 (Pa. 2008).

[2] "Stacking" refers to the combination of insurance coverage of individual vehicles to increase the amount of total coverage available to an insured.

- 2 -

> **insured for uninsured or underinsured motorist coverage under this policy**.

Trial Ct. Op., dated 6/26/20, at 3 (emphasis changed); R.R. 542a, 548a.

The insurance companies for the other drivers and the City of Easton provided Insureds with their policy limits. Insureds then filed a claim for UIM benefits under the Erie Policies. Erie Insurance denied coverage based on the "regular use" exclusion.

On March 7, 2019, Insureds filed the underlying declaratory judgment action seeking judicial determination of whether the MVFRL allows Erie Insurance to limit the scope of its UIM policies through the "regular use" exclusion. On December 9, 2019, the parties filed cross Motions for Summary Judgment.

By Order dated June 26, 2020, the trial court granted summary judgment in favor of Insureds, holding that the "regular use" exclusion in the Erie Policies violates the requirements of the MVFRL.

Appellant timely filed a Notice of Appeal and complied with Pa.R.A.P. 1925(b). Appellant raises the following issues on appeal:

1. Whether the trial court erred in invalidating the "regular use" exclusion?

2. Whether the trial court erred in granting Appellees' [M]otion for [P]artial [S]ummary [J]udgment, and declaring that the "regular use" exclusion in an auto insurance policy issued to Appellees by Appellant is repugnant to and violates various provisions of the [MVFRL]?

Appellant's Br. at 4.

In both of its issues, Erie Insurance challenges the trial court's finding that the "regular use" exclusion violates the MVFRL. Erie Insurance argues that the "regular use" exclusion is an enforceable limitation on the scope of UIM coverage that it must provide to Insureds. Appellant's Br. at 9-10, 21-34.

This is a purely legal question over which our scope of review is plenary and standard of review is *de novo*. **Generette v. Donegal Mut. Ins. Co.**, 957 A.2d 1180, 1189 (Pa. 2008).

**The Motor Vehicle Financial Responsibility Law**

Our analysis necessarily begins with the MVFRL, which governs automobile insurance coverage in Pennsylvania. 75 Pa.C.S. §§ 1701-99.7. "[T]he MVFRL is comprehensive legislation governing the rights and obligations of the insurance company and the insured under liability insurance policies covering motor vehicles." **Sayles v. Allstate Ins. Co.**, 219 A.3d 1110, 1124 (Pa. 2019). "[T]he provisions of the MVFRL pertaining to the required scope of coverage and content of automobile insurance policies, and benefits payable thereunder, impose mandatory obligations applicable to all automobile insurance providers in this Commonwealth[.]" **Id.**

Importantly, where a provision of an insurance contract contravenes the MVFRL, we shall find that provision unenforceable. **Id.** at 1123. **See also Generette**, 957 A.2d at 1191 (holding that "stipulations in a contract of insurance in conflict with, or repugnant to, statutory provisions which are applicable to, and consequently form a part of, the contract, must yield to the statute, and are invalid, since contracts cannot change existing statutory laws"

(citation omitted)). This is because "[i]nsurers do not have a license to rewrite statutes." ***Prudential Prop. And Cas. Ins. Co. v. Colbert***, 813 A.2d 747, 751 (Pa. 2002) (holding that insurers cannot limit MVFRL's definitions "and thereby provide coverage of a lesser scope than the MVFRL requires.").

Section 1731 of the MVFRL governs the scope of UIM coverage in Pennsylvania. 75 Pa.C.S. § 1731. It provides that, absent a rejection of coverage, insurers shall provide UIM coverage that "protect[s] persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles." ***Id.*** at § 1731(c).

Insurers are relieved of the obligation of providing UIM coverage only when an insured waives such coverage by executing a statutorily prescribed rejection form. ***Id.*** at §§ 1731(c), (c.1). In the absence of a signed and valid rejection form, "uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits." ***Id.*** at § 1731(c.1).

Taken as a whole, Section 1731 mandates that insurers provide insureds coverage when the insured satisfies three requirements. The insured must (1) have suffered injuries arising out of the maintenance or use of a motor vehicle; (2) be legally entitled to recover damages from the at-fault underinsured driver; and (3) have not rejected UIM coverage by signing a valid rejection form. ***Id.*** at §§ 1731(c), (c.1).

We emphasize that Section 1731 defines the scope of UIM coverage broadly. It requires UIM coverage whenever an insured suffers injuries "arising out of the . . . use of **a** motor vehicle." *Id.* at § 1731(c) (emphasis added). Section 1731 does not consider who owns the vehicle and the frequency with which the insured uses it.

### Enforceability of the "Regular Use" Exclusion to UIM Coverage

The parties do not dispute that, absent the "regular use" exclusion clause, Insureds would be eligible to receive UIM benefits under the Ere Policies. Mr. Rush satisfied all three of the Section 1731 requirements: he suffered injuries arising out of use of a motor vehicle, was legally entitled to recover damages from the at-fault underinsured drivers, and never signed a rejection form waiving his right to UIM coverage.[3]

Erie Insurance, however, argues that its "regular use" exclusion precludes Insureds from recovering UIM benefits because Mr. Rush suffered injuries while operating a vehicle that he regularly used but did not own. Appellant's Br. at 9-45.

The trial court found that the "regular use" exclusion is unenforceable because it modifies the clear and unambiguous requirements of the MVFRL and functions to preclude Mr. Rush from accessing UIM benefits to which he would otherwise be entitled. Trial Ct. Op. at 9-10.

---

[3] Appellant properly followed the priority of recovery set forth 75 Pa.C.S. § 1733(a), by recovering UIM benefits first under the Easton Policy as the "primary policy," then seeking benefits under the Erie Policies as "secondary policies."

We agree with the trial court's conclusion.[4] The "regular use" exclusion in the Erie Policies limits the scope of UIM coverage required by Section 1731 by precluding coverage if an insured is injured while using a motor vehicle that the insured regularly uses but does not own. This exclusion conflicts with the broad language of Section 1731(c), which requires UIM coverage in those situations where an insured is injured arising out of the "use of **a** motor vehicle." In other words, the exclusion limits Section 1731(c)'s coverage mandate to situations where an insured is injured arising out of "use of an owned or occasionally used motor vehicle." Since the "regular use" exclusion conflicts with the clear and unambiguous language of Section 1731 of the MVFRL, it is unenforceable.

In support of its argument, Appellant cites **Williams v. GEICO Govt. Emp. Ins. Co.**, 32 A.3d 1195, 1199 (Pa. 2011), a case addressing "whether the regular-use exclusion, as applied to a state trooper, is void as against a public policy that favors protecting first responders." Our Supreme Court, after conducting a public policy analysis, concluded that the insured had failed to meet the high burden of establishing that the regular use exclusion violated the public policy supporting the MVFRL. **Id.** at 1206.

We note that the Court, **in dicta**, stated that a "regular use" exclusion clause did not violate the express terms of the MVFRL. **Id.** at 1208. Since this

---

[4] Although we come to the same conclusion as the trial court, our reasoning differs. We note that we are not bound by the lower court's reasoning, and "we may affirm the trial court's order on any valid basis." **Dockery v. Thomas Jefferson University Hospitals, Inc.**, 253 A.3d 716, 721 (Pa. Super. 2021).

was not the issue before the Court on appeal, it is *dicta* and we are not bound by it. *See **Commonwealth v. Romero***, 183 A.3d 364, 400 n.18 (Pa. 2018). (explaining that *dictum* is "judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential[.]").

Additionally, the Supreme Court in ***Williams*** relied upon ***Erie Ins. Exch. v. Baker***, 972 A.2d 507 (Pa. 2008) (plurality decision), which our Supreme Court abrogated in ***Gallagher v. GEICO Indemn. Co.***, 201 A.3d 131, 135 (Pa. 2019).

In conclusion, since the "regular use" exclusion limits the scope of UIM coverage that the MVFRL requires Erie Insurance to provide to Insureds, it is unenforceable.[5]

Order affirmed.

_____

[5] *Amici*, Insurance Federation of Pennsylvania, Inc., Pennsylvania Association of Mutual Insurance Companies, and Pennsylvania Defense Institute, Inc., argue that this Court must uphold the "regular use" exclusion because it insulates insurers from having to provide coverage for the unknown risk associated with an insured regularly driving a vehicle unbeknownst to the insurer. *Amici* Br. at 7. In ***Gallagher***, 201 A.3d at 138 n.6, our Supreme Court rejected the same argument, explaining, "[w]e recognize that this decision may disrupt the insurance industry's current practices; however, we are confident that the industry can and will employ its considerable resources to minimize the impact of our holding."

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>10/22/2021</u>