J-A18023-22

2022 PA Super 152

| | | |
|---|---|---|
| JOHN JONES AND TANYA JONES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIE INSURANCE EXCHANGE | : | No. 690 WDA 2020 |

Appeal from the Judgment Entered June 30, 2020
In the Court of Common Pleas of Erie County
Civil Division at 11527-2019

BEFORE: STABILE, J., MURRAY, J., and McLAUGHLIN, J.

OPINION BY MURRAY, J.:                                    **FILED: SEPTEMBER 7, 2022**

In this underinsured motorist (UIM) automobile insurance action, John Jones and Tanya Jones (Appellants) appeal from the judgment entered against them and in favor of Erie Insurance Exchange (Erie). At issue is whether a certain contractual exclusion, contained in Appellants' personal automobile insurance policy issued by Erie, violates Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL),[1] 75 Pa.C.S.A. § 1701, *et seq.* Upon careful review, we reverse and remand for further proceedings.

The trial court summarized the factual history as follows:

This case stems from a motor vehicle accident wherein Appellant John Jones [(Jones or Mr. Jones)] was operating his employer's, Time Warner Cable's, bucket truck when he became involved in a motor vehicle accident with a third party driver. [Mr.] Jones

---

[1] "[T]he MVFRL is comprehensive legislation governing the rights and obligations of the insurance company and the insured under liability insurance policies covering motor vehicles." ***Sayles v. Allstate Ins. Co.***, 219 A.3d 1110, 1124 (Pa. 2019) (citation omitted).

suffered various injuries due to this accident. The third party driver's insurer paid to [Appellants] the $100,000.00 maximum allowed under the third party driver's [automobile insurance] policy. However, Appellants subsequently filed a supplemental claim for … [UIM] coverage with [Erie], their own personal automobile insurer. [Erie] denied Appellants' UIM claim pursuant to the "regularly used, non-owned vehicle exclusion" [(or "regular use exclusion")[2]] contained in Appellants' policy because … Jones was operating his employer's vehicle, for which Appellants had not purchased insurance.

Trial Court Opinion, 9/11/20, at 1-2 (footnote 2 added); **see also id.** at 2 (observing, "[t]he material facts … are not in dispute" and "neither party contested the automobile insurance policy in question or the presence of the 'regularly used, non-owned vehicle exclusion' within the … policy itself.").

On August 30, 2019, Appellants filed a complaint against Erie asserting one count of breach of contract. Erie filed an answer, new matter, and counterclaim on October 4, 2019. Erie filed a motion for judgment on the pleadings on February 3, 2020, claiming "pursuant to Pennsylvania law …, [Appellants' UIM] claim is barred by the 'regular use' exclusion." Motion for Judgment on the Pleadings, 3/3/20, at ¶ 29. Appellants filed a brief in opposition on March 2, 2020, arguing the regular use exclusion was unenforceable as being contrary to the provisions of the MVFRL and public

_____

[2] The regular use exclusion indicated that UIM insurance coverage would not apply to, "bodily injury to 'you' … using a non-owned 'motor vehicle' … which is regularly used by 'you' … but not insured for Uninsured or Underinsured Motorists Coverage under this policy." Complaint, 8/30/19, Ex. 1 (Erie Policy UIM/UM Coverage Endorsement at p. 3) (bold omitted).

- 2 -

policy. The trial court held a hearing and considered argument on the matter on June 4, 2020.

On June 17, 2020, the trial court issued an opinion and order granting Erie's motion for judgment on the pleadings. Judgment was entered in Erie's favor on June 30, 2020. This timely appeal followed. Appellants timely filed a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. In its Opinion, the trial court rejected all of Appellants' claims, and opined it properly granted judgment on the pleadings, reasoning in relevant part:

> [T]here are no disputes as to any material facts in the instant case and as a clear matter of law, the "regularly used, non-owned vehicle exclusion" is valid and enforceable under Pennsylvania law.
>
> * * *
>
> In Pennsylvania, the "regularly used, non-owned vehicle exclusion" has been held by the [Pennsylvania] Supreme Court to be valid and enforceable under the MVFRL and public policy. **See Bur**[]**stein v. Prudential Property and Cas. Ins. Co.**, 809 A.2d 204 (Pa. 2002); **Williams v. Geico Government Employees Ins. Co.**, 32 A.3d 1195 (Pa. 2011)[.]

Trial Court Opinion, 9/11/20, at 3, 6.

On October 15, 2020, Appellants and Erie filed in this Court a joint application to stay the appeal (Application), until a separate panel of this Court issued its decision in a related case, **Rush v. Erie Ins. Exch.**, 1443 EDA 2020. The parties asserted in the Application that **Rush** implicated the "viability of the regular use exclusion under the MVFRL, which is the same question at issue in this case." Application, 10/15/20, at ¶ 9; **see also id.** at ¶ 10

- 3 -

(claiming, "[t]he resolution of *Rush* … is likely to affect the resolution of this matter."). This Court granted the Application on October 21, 2020.

On October 22, 2021, the panel in *Rush* issued a precedential decision, in a "case of first impression[.]" *Rush v. Erie Ins. Exch.*, 265 A.3d 794, 795 (Pa. Super. 2021) (opinion by Dubow, J., joined by Bender, P.J.E., and Stevens, P.J.E.).[3] We discuss *Rush* in greater detail below. Briefly, the panel held that the regular use exclusion in plaintiffs' personal automobile insurance policy, issued by Erie, conflicted with the clear language of the MVFRL, and was therefore unenforceable. *Id.* at 797.

On February 25, 2022, Appellants and Erie filed another joint application to stay, acknowledging the decision in *Rush*. Joint Application to Stay, 2/25/22, at ¶ 6. The parties stated:

> Although an opinion in *Rush* has been issued, a petition for allocatur to the Pennsylvania Supreme Court was filed thereafter and currently remains pending. The resolution of *Rush* by the Pennsylvania Supreme Court is likely to affect the resolution of this matter.

*Id.* at ¶¶ 7-8. This Court denied the joint application on March 11, 2022, stating: "It is well-settled that until the Supreme Court overrules a decision of this Court, this Court's decision is the law of this Commonwealth. *Benson v. Patterson*, 782 A.2d 553, 556 (Pa. Super. 200[1).]" Order, 3/11/22.

_____

[3] The trial court in this appeal did not have the benefit of the *Rush* decision in issuing its ruling, as this Court decided *Rush* approximately one year later.

- 4 -

On June 27, 2022, the Supreme Court of Pennsylvania, at 37 MAL 2022, granted allowance of appeal of this Court's decision in **Rush**. **Rush v. Erie Ins. Exch.**, 2022 WL 2299279 (Pa. 2022) (**Rush** - *Allocatur*). The Supreme Court granted allowance of appeal on the following issue, as stated by the petitioner, Erie:

> Whether the decision of the three-judge panel of the Superior Court is in direct conflict with the Pennsylvania Supreme Court decisions in **Burstein v. Prudential Prop. & Cas. Ins. Co.**, 809 A.2d 204 (Pa. 2002) and **Williams v. GEICO Gov't Emps. Ins. Co.**, 32 A.3d 1195 (Pa. 2011) and whether the Superior Court erred as a matter of law by finding that the "regular use exclusion" contained in Pennsylvania auto insurance policies violates the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa.C.S. § 1701, *et. seq.*

**Id.** at *1 (brackets omitted).

> On appeal, Appellants present three issues for our review:
>
> A. Whether the "regular use" exclusion may not be enforced because to do so would conflict with this Court's decision in **Rush v. Erie Insurance Exchange**, 265 A.3d 794 (Pa. Super. 2021)?
>
> B. Whether the "regular use" exclusion may not be enforced because it operates to limit the scope of underinsured motorist coverage required by the MVFRL?
>
> C. Whether the "regular use" exclusion is unenforceable because it is contrary to public policy articulated in the MVFRL?

Appellants' Brief at 3-4 (some capitalization omitted).

The standard we apply when reviewing the grant of a motion for judgment on the pleadings is as follows:

Entry of judgment on the pleadings is permitted under Pennsylvania Rule of Civil Procedure 1034, which provides that "after the pleadings are closed, but within such time as not to unreasonably delay trial, any party may move for judgment on the pleadings." Pa.R.C.P. 1034(a). A motion for judgment on the pleadings is similar to a demurrer. It may be entered when there are no disputed issues of fact and the moving party is entitled to judgment as a matter of law.

\* \* \*

We will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise.

**Kote v. Bank of N.Y. Mellon**, 169 A.3d 1103, 1107 (Pa. Super. 2017) (citation omitted).

In their first issue, Appellants argue this Court's decision in **Rush** "is squarely on point and controls the outcome of this appeal." Reply Brief for Appellants at 1; **see also** Appellants' Brief at 11 (asserting, "[t]here are no meaningful differences between the facts of **Rush** and those of the present appeal."). Appellants claim:

As in **Rush**, here there is no dispute that Mr. Jones has satisfactorily plead all three of the Section 1731 requirements [discussed in **Rush**, **infra**], and that he would therefore be eligible to recover UIM benefits from Erie absent the "regular use" exclusion. Thus, this Court must find that the trial court erred in concluding that the "regular use" exclusion is enforceable because, to quote **Rush**, "since the 'regular use' exclusion limits the scope of UIM coverage that the MVFRL requires Erie [] to provide to Insureds, it is unenforceable." **Rush**, 265 A.3d at 798.

Appellants' Brief at 13-14. This claim presents a pure question of law; accordingly, "our scope of review is plenary, and our standard of review is

non-deferential." ***Quigley v. Unemployment Comp. Bd. of Review***, 263 A.3d 574, 589 (Pa. 2021).

In ***Rush***, a City of Easton Police detective (Mr. Rush) suffered serious injuries when two other motorists crashed into his police cruiser. ***Rush***, 265 A.3d at 795. Mr. Rush did not own or insure the police cruiser, but he and his wife (collectively, Insureds) owned two personal automobile insurance policies issued by Erie (collectively, the Erie Policies). ***Id.*** The Erie Policies both provided for UIM coverage, and both included regular use exclusion clauses (containing nearly identical language to that of the regular use exclusion clause in the instant appeal). ***Id.***; ***see also*** footnote 2, ***supra***. Insureds sought a declaratory judgment that the regular use exclusion violated the MVFRL and was thus unenforceable. ***Rush***, 265 A.3d at 795. The trial court granted Insureds' motion for summary judgment, holding the regular use exclusion violated the MVFRL. ***Id.***

On appeal, this Court affirmed, reasoning as follows:

> Importantly, where a provision of an insurance contract contravenes the MVFRL, we shall find that provision unenforceable. [***Sayles***, 219 A.3d] at 1123. ***See also Generette*** [***v. Donegal Mut. Ins. Co.***], 957 A.2d [1180,] 1191 [(Pa. 2008)] (holding that "stipulations in a contract of insurance in conflict with, or repugnant to, statutory provisions which are applicable to, and consequently form a part of, the contract, must yield to the statute, and are invalid, since contracts cannot change existing statutory laws" (citation omitted)). This is because "[i]nsurers do not have a license to rewrite statutes." ***Prudential Prop. And Cas. Ins. Co. v. Colbert***, 572 Pa. 82, 813 A.2d 747, 751 (Pa. 2002) (holding that insurers cannot limit MVFRL's definitions "and thereby provide coverage of a lesser scope than the MVFRL requires.").

Section 1731 of the MVFRL governs the scope of UIM coverage in Pennsylvania. 75 Pa.C.S. § 1731. It provides that, absent a rejection of coverage, insurers shall provide UIM coverage that "protect[s] persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles." *Id.* at § 1731(c).

Insurers are relieved of the obligation of providing UIM coverage only when an insured waives such coverage by executing a statutorily prescribed rejection form. *Id.* at §§ 1731(c), (c.1). In the absence of a signed and valid rejection form, "uninsured or underinsured coverage, or both, as the case may be, under that policy shall be equal to the bodily injury liability limits." *Id.* at § 1731(c.1).

Taken as a whole, Section 1731 mandates that insurers provide insureds coverage when the insured satisfies three requirements. The insured must (1) have suffered injuries arising out of the maintenance or use of a motor vehicle; (2) be legally entitled to recover damages from the at-fault underinsured driver; and (3) have not rejected UIM coverage by signing a valid rejection form. *Id.* at §§ 1731(c), (c.1).

We emphasize that Section 1731 defines the scope of UIM coverage broadly. It requires UIM coverage whenever an insured suffers injuries "arising out of the … use of **a** motor vehicle." *Id.* at § 1731(c) (emphasis added). Section 1731 does not consider who owns the vehicle and the frequency with which the insured uses it.

### Enforceability of the "Regular Use" Exclusion to UIM Coverage

The parties do not dispute that, absent the "regular use" exclusion clause, Insureds would be eligible to receive UIM benefits under the Erie Policies. Mr. Rush satisfied all three of the Section 1731 requirements: he suffered injuries arising out of use of a motor vehicle, was legally entitled to recover damages from the at-fault underinsured drivers, and never signed a rejection form waiving his right to UIM coverage.

\* \* \*

The trial court found that the "regular use" exclusion is unenforceable because it modifies the clear and unambiguous requirements of the MVFRL and functions to preclude Mr. Rush from accessing UIM benefits to which he would otherwise be entitled. …

We agree with the trial court's conclusion. The "regular use" exclusion in the Erie Policies limits the scope of UIM coverage required by Section 1731 by precluding coverage if an insured is injured while using a motor vehicle that the insured regularly uses but does not own. This exclusion conflicts with the broad language of Section 1731(c), which requires UIM coverage in those situations where an insured is injured arising out of the "use of **a** motor vehicle." In other words, the exclusion limits Section 1731(c)'s coverage mandate to situations where an insured is injured arising out of "use of an owned or occasionally used motor vehicle." Since the "regular use" exclusion conflicts with the clear and unambiguous language of Section 1731 of the MVFRL, it is unenforceable.

In support of its argument, [Erie] cites ***Williams v. GEICO Govt. Emp. Ins. Co.***, 613 Pa. 113, 32 A.3d 1195, 1199 (Pa. 2011), a case addressing "whether the regular-use exclusion, as applied to a state trooper, is void as against a public policy that favors protecting first responders." Our Supreme Court, after conducting a public policy analysis, concluded that the insured had failed to meet the high burden of establishing that the regular use exclusion violated the public policy supporting the MVFRL. ***Id.*** at 1206.

We note that the Court, ***in dicta***, stated that a "regular use" exclusion clause did not violate the express terms of the MVFRL. ***Id.*** at 1208. Since this was not the issue before the Court on appeal, it is *dicta* and we are not bound by it. ***See Commonwealth v. Romero***, 646 Pa. 47, 183 A.3d 364, 400 n.18 (Pa. 2018) (explaining that *dictum* is "judicial comment made while delivering a judicial opinion, but one that is unnecessary to the decision in the case and therefore not precedential[.]").

Additionally, the Supreme Court in ***Williams*** relied upon ***Erie Ins. Exch. v. Baker***, 601 Pa. 355, 972 A.2d 507 (Pa. 2008) (plurality decision), which our Supreme Court abrogated in

> ***Gallagher v. GEICO Indemn. Co.***, 650 Pa. 600, 201 A.3d 131, 135 (Pa. 2019).
>
> In conclusion, since the "regular use" exclusion limits the scope of UIM coverage that the MVFRL requires Erie [] to provide to Insureds, it is unenforceable.

***Rush***, 265 A.3d at 796-98 (emphasis in original; footnotes omitted).

Upon review, we agree with Appellants that ***Rush*** is controlling. Further, "until the Supreme Court overrules" ***Rush***, "our decision is the law of this Commonwealth." ***Benson***, 782 A.2d at 556 (citation omitted). In this case, as in ***Rush***, Appellants "satisfied all three of the Section 1731 requirements," where Mr. Jones "suffered injuries arising out of use of a motor vehicle, was legally entitled to recover damages from the at-fault underinsured driver[], and never signed a rejection form waiving his right to UIM coverage." ***Rush***, 265 A.3d at 797.

Erie argues ***Rush*** is contrary to Pennsylvania Supreme Court precedent, namely, ***Williams*** and ***Burstein***, ***supra***. Appellee's Brief at 31, 35 (claiming ***Rush*** was "improperly decided … and is in discord with the rest of the appellate decisions on this issue."); ***see also*** Trial Court Opinion, 9/11/20, at 3, 6, ***supra*** (relying upon ***Williams*** and ***Burstein*** in concluding that the Pennsylvania Supreme Court has held regular use exclusions "to be valid and enforceable under the MVFRL and public policy."). We disagree, and are guided by and adopt the reasoning of the United States District Court for the Western District of Pennsylvania in the recent non-precedential decision, ***Johnson v. Progressive Advanced Ins. Co.***, 2022 WL 541520 (W.D. Pa.

Feb. 23, 2022).[4]  The ***Johnson*** Court cogently analyzed ***Williams*** and

***Burstein*** as follows:

> In ***Williams***, the Pennsylvania Supreme Court stated that it was granting "review to address whether the 'regular-use' exclusion contained in a personal automobile insurance policy is valid to preclude payment of … UIM[] benefits to a police officer injured in the course of employment while operating a police vehicle for which the officer did not have the ability to obtain UIM coverage." 32 A.3d at 1197.  However, the Court later in its opinion clarified that in granting Williams' allowance of appeal, it was limiting its review "to whether public policy requires permitting a police officer to recover UIM benefits under his personal automobile insurance policy, when the recovery would be otherwise precluded by the policy's 'regular-use' exclusion." ***Id.*** at 1198.  The Court stated a second time, "[i]n the instant case, we must determine whether [the] regular-use exclusion[] is void as against a public policy that favors protecting first responders." ***Id.*** at 1199.
>
> Under the facts of the ***Williams*** case, at the time of the automobile accident, police officer Williams was seriously injured while operating a car owned and maintained by the Pennsylvania State Police. ***Id.*** at 1197.  Officer Williams maintained his own personal automobile insurance with GEICO, which provided UIM coverage limits of $50,000 per person and $100,000 per accident with stacking available. ***Id.***  When Williams sought to recover the UIM benefits from GEICO, GEICO denied coverage based on the regular-use exclusion in its policy which indicated that UIM coverage would not apply when Williams was "using a motor vehicle furnished for [his] regular-use, … which is not insured under this policy." ***Id.***
>
> When GEICO filed a motion for summary judgment based on this exclusion, the trial court granted it, and the Pennsylvania Superior Court affirmed in an unpublished memorandum ….  When

_____

[4] We recognize that Pennsylvania Courts "may look to federal case law for its persuasive value." ***Rudalavage v. PPL Elec. Utils. Corp.***, 268 A.3d 470, 479 n.7 (Pa. Super. 2022) (citation omitted).  Although ***Johnson*** is not a precedential federal decision, its reasoning is cogent and correctly interprets Pennsylvania state case law.

Williams sought review from the Pennsylvania Supreme Court, the Court began its analysis by noting a recent trend had been for litigants to claim that specific insurance policy provisions violated public policy, and specifically referenced *Penna. Nat. Mut. Cas. Co. v. Black*, 591 Pa. 221, 916 A.2d 569 (Pa. 2007), wherein the Pennsylvania Supreme Court held:

> "Generally, courts must give plain meaning to a clear and unambiguous contract provision unless to do so would be contrary to a clearly expressed public policy." *Colbert*, 813 A.2d at 750. In recent years, this Court has addressed several claims that unambiguous provisions in automobile insurance policies are unenforceable because they violate public policies expressed in or underlying the MVFRL. In response, we have repeatedly emphasized our reticence to throw aside clear contractual language based on "the often formless face of public policy." *Id.* at 752.

916 A.2d at 578.

In light of the *Black* decision and the Court's reluctance to disregard unambiguous contract terms based on public policy, Williams essentially asked the Pennsylvania Supreme Court to a carve out a narrow public policy exception for emergency responders so that he and other emergency responders could collect UIM benefits, noting that other statutory provisions (such as the Heart and Lung Act, the Workers' Compensation Act, the Occupational Disease Act, and the Emergency Medical Services Act), all illustrated the legislature's desire to protect and provide for first responders. Thus, Williams argued that not allowing him to collect UIM benefits would indeed violate public policy as illustrated by the legislative intent behind those other Acts which protected first responders.

Disagreeing with Williams' argument, the Pennsylvania Supreme Court held, "if any public policy can be derived from these statutes, it is clear that the statutes favor requiring the first responder's employer to protect its employee, rather than any private person or entity." 32 A.3d at 1203. The Court went on to conclude that even if it were to agree with Williams' opinion as to the state legislature's desire to protect and provide for first responders, the Court "could not conclude that it requires invalidating the regular-use exclusion." *Id.* The Court further held that it was "not the proper function of this Court to weigh

competing public policy interests" finding that task to be "best suited for the [state] legislature." ***Id.*** at 1204.

Next, Pennsylvania's Supreme Court in ***Williams*** reexamined its prior decision in ***Burstein*** …, wherein the Court held that the exclusion of UIM coverage for injuries while using a regularly used, non-owned car comported with public policy. 32 A.3d at 1204. In reaching its decision in ***Burstein***, the Court declined to award UIM benefits to Mrs. Burstein[,] whose employer had waived UIM coverage on a car it had provided to Mrs. Burstein for her own use. When Mrs. Burstein tried to collect under her own personal UIM insurance policy issued by Prudential, the Court agreed that Prudential's policy, which contained a regular-use exclusion, did not violate public policy and thereby precluded her (and her husband) from recovering UIM benefits.

After conducting this review, the Court in ***Williams*** held:

> The crucial factors underlying ***Burstein*** and the instant case are identical — an employee injured while driving his employer-owned vehicle attempted to recover UIM benefits from his private insurer without compensating the insurer for that unknown risk. … In that regard, we find that [a]ppellant's position conflicts with the overall policies of the MVFRL, which include cost containment and the correlation between the scope of coverage and the reasonable premiums collected. Therefore, we reaffirm ***Burstein*** and hold that the regular-use exclusion is not void as against public policy.

32 A.3d at 1206 [(footnote and one citation omitted)].

This Court finds that the Pennsylvania Supreme Court's analysis in ***Williams* clearly focused its analysis on whether the regular-use exclusion in a UIM benefits insurance contract generally violated public policy**, and specifically, the public policies underlying the MVFRL, and ultimately, based on its earlier precedent in the [] ***Black***[] and ***Burstein*** cases, determined that a regular-use exclusion did not violate public policy.

After distinctly identifying the issue on review in ***Williams*** to determine "whether public policy requires permitting a police officer to recover UIM benefits under his personal automobile

insurance policy, when the recovery would be otherwise precluded by the policy's 'regular-use' exclusion[,]" and after writing pages on the public policy arguments (as this Court abbreviated above), the Supreme Court tacked on a few paragraphs discussing whether the regular-use exclusion violated the express language of the MVFRL. 32 A.3d at 1207. In this regard, the Supreme Court summed up its position by stating:

> [Williams] and the [a*mici*, Pennsylvania Association for Justice (PAJ),] also assert that the regular-use exclusion violates the express language of the MVFRL. In advancing this argument, [Williams] and the *amici* essentially seek to re-litigate **Burstein**. However, [Williams] presents no compelling reason to revisit the prior decision.
>
> * * *
>
> Moreover, to the extent that [Williams] and the PAJ ask us to reconsider the holding in **Burstein** and find that the regular-use exclusion itself violates public policy due to the conflict with the MVFRL, their arguments are misplaced. To re-interpret 75 Pa.C.S. § 1731 to preclude long-standing exclusions to UIM coverage on public policy grounds would violate the canons of statutory construction. **Commonwealth v. Mitchell**, 588 Pa. 19, 902 A.2d 430 (2006), *cert. denied*, 549 U.S. 1169, 127 S.Ct. 1126, 166 L.Ed.2d 897 (2007).

*Id.*

Importantly, this Court's review of the **Burstein** decision has revealed that **the Supreme Court did not consider nor discuss whether** [**a**] **regular-use exclusion in a UIM policy expressly conflicted with any specific provision of the MVFRL**. Like **Williams**, the **Burstein** decision **focuses solely on whether the regular-use exclusion violates public policy** when construed against the legislative intent of the MVFRL — to contain the costs of insurance. Given the Supreme Court's stated scope of review in the **Williams** case, the above-quoted statements are, at best, *dicta*, and thus, **non-binding as precedent**. Moreover, because **neither the Burstein nor the Williams cases analyzed whether a regular-use exclusion found in the UIM portion of an automobile insurance policy expressly violates a specific provision of Pennsylvania's**

- 14 -

> **MVFRL**, the above-quoted statements are merely conclusory and lack any legal support. Thus, this Court does not find the above-quoted statements in the **Williams** case, which rely on the analysis of the **Burstein** case, to be persuasive on the issue of whether a regular-use exclusion found in the UIM portion of an automobile insurance policy expressly violates a specific provision or provisions of Pennsylvania's MVFRL.

**Johnson**, 2022 WL 541520, at **3-5 (emphasis added; underline and footnote in original omitted).

The federal court in **Johnson** then summarized **Rush** – including the panel's observation with respect to the aforementioned *dicta* in **Williams** – and held as follows:

> After the extensive review in **Williams**, and given the antecedent cases which led to the **Williams** decision (specifically[, **Black**] and **Burstein**), **this Court concurs with the Superior Court's analysis in Rush** – namely[,] that the statement the Pennsylvania Supreme Court issued its **Williams** opinion[,] finding that a regular-use has not considered the specific issue of whether a regular-use exclusion indicating an automobile UIM insurance policy's regular-use exclusion does not violate the express language of the MVFRL — to be **dicta, and therefore, not controlling on this very narrow issue**.

**Johnson**, 2022 WL 541520, at *5 (emphasis added). Finally, the federal court concluded:

> [B]ecause the Superior Court in **Rush** … held that the regular-use clause of an insurance contract contravenes Section 1731 of the MVFRL, **this Court is bound by that decision, as it is the most current body of law governing this discreet issue**.

**Id.** at *7 (emphasis added; footnote omitted); **see also Evanina v. First Liberty Ins. Corp.**, 2022 WL 584499, at **2-5 (M.D. Pa. Feb. 25, 2022) (discussing interplay of **Rush** and **Williams**, and holding, "this court predicts

that the Pennsylvania Supreme Court[, *i.e.*, upon issuing its ruling with respect to **Rush** - *Allocatur*,] will find the regular use exclusion is contrary to the unambiguous provisions of the MVFRL and therefore invalid and unenforceable."). We agree with and adopt the **Johnson** Court's analysis and conclusion.

Finally, we reject Erie's claim that this Court's prior decision in **Adamitis v. Erie Ins. Exch.**, 54 A.3d 371 (Pa. Super. 2012),[5] "is controlling on this Court …, dictating affirmance of the trial court[.]" Appellee's Brief at 28. In **Adamitis**, the appellant/policyholder challenged a regular use exclusion contained in his personal automobile insurance policy issued by Erie, arguing it "both violates Section 1731 of the MVFRL and is void against public policy." **Adamitis**, 54 A.3d at 375. The **Adamitis** Court discussed **Williams** – and **Burstein** – at length in rejecting appellant's claim that the regular use exclusion violated public policy. **See id.** at 377-78. We further held, "**Williams** likewise governs [a]ppellant's related claim … that application of the regular-use exclusion against him violates Section 1731 of the MVFRL as he never signed a rejection of UIM coverage as required by Section 1731(c)." **Id.** at 378-79 (footnote citation omitted). As discussed above, **Williams**' analysis with respect to Section 1731 is *dicta* and not binding on this Court. **Rush**, 265 A.3d at 797-98; **see also Johnson**, 2022 WL 541520, at *5.

---

[5] This Court in **Rush** did not cite to **Adamitis**.

- 16 -

Accordingly, there is no merit to Erie's claim that **Adamitis** compels affirmance of the trial court.

Based on the foregoing, we conclude the trial court erred in granting Erie's motion for judgment on the pleadings, as its right to succeed was not certain. Accordingly, we reverse and remand for further proceedings.[6]

Judgment reversed. Case remanded for further proceedings. Jurisdiction relinquished.

Judge McLaughlin joins the opinion.

Judge Stabile concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/7/2022

---

[6] In light of our disposition, we need not address Appellants' remaining issues.