J-S15033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| YONINA JACOBSON AND ZEV JACOBSON | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellants | : | |
| | : | |
| v. | : | |
| | : | |
| GEICO GENERAL INSURANCE COMPANY | : | No. 1038 EDA 2021 |

Appeal from the Order Entered April 21, 2021
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 200203543

BEFORE: NICHOLS, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED JANUARY 6, 2023**

Husband and wife Yonina and Zev Jacobson (collectively, Appellants) appeal from the order granting summary judgment in favor of GEICO General Insurance Company (GEICO). Appellants contend that the trial court erred in granting summary judgment and cites a change in controlling caselaw. After review, we vacate and remand for further proceedings.

The record reflects that on February 29, 2016, Yonina Jacobson was operating Zev Jacobson's employer-leased vehicle when she was struck by vehicle driven by Alifia Bucknor (Tortfeasor). Compl., 7/29/20, at ¶¶ 1-7. Appellants alleged that at all relevant times, they were insured by GEICO. *Id.* at ¶ 4. Tortfeasor's insurance coverage was insufficient to compensate Ms. Jacobson for her medical expenses and property damage. *Id.* at ¶¶ 8-16.

Appellants commenced the underlying action against GEICO seeking underinsured motorist coverage. *Id.* at ¶¶ 1-16. GEICO moved for summary judgment in March 2021 and asserted that Ms. Jacobson had regular use of Mr. Jacobson's employer-leased vehicle, and therefore GEICO's "regular use" policy exclusion applied. GEICO's Mot. for Summ. Jud., 3/16/21. Appellants filed a response asserting that there was a genuine issue of material fact concerning whether there was regular use of the vehicle. Appellants' Resp. to Mot., 4/9/21. On April 21, 2021, the trial court granted summary judgment in favor of GEICO. Appellants filed a timely motion for reconsideration that the trial court denied. This timely appeal followed. Both the trial court and Appellants complied with Pa.R.A.P. 1925.[1]

On appeal, Appellants raise the following issues:

1. Does **Rush v. Erie Exchange**[, 265 A.3d 794 (Pa. Super. 2021), *appeal granted*, 281 A.3d 298 (Pa. 2022)] control this matter, and if so, should the [trial c]ourt be reversed on these grounds?

2. In light of the pendency of the above case, and the timely filing of a post-trial motion by Appellants, were all issues properly preserved for this appeal?

---

[1] The trial court filed its initial opinion on September 27, 2021, in which it opined that summary judgment was proper. Trial Ct. Op., 9/27/21. However, after **Rush** was filed during the pendency of this appeal on October 22, 2021, the trial court authored a supplemental opinion on November 3, 2021, in which it stated that the **Rush** Court changed controlling case law, and the trial court respectfully requested that this Court remand the matter to the trial court. Supp. Trial Ct. Op., 11/3/21, at 1-2.

Appellants' Brief at 2 (formatting altered). Appellants' issues are related, and we will address them concurrently.

Appellants argue that although they did not specifically allege that GEICO's regular use policy exclusion conflicted with the Motor Vehicle Financial Responsibility Law (MVFRL)[2] in the complaint or in the response to GEICO's motion for summary judgment, **Rush** had not yet been decided and was pending before this Court. **Id.** at 3, 5. Appellants note that they subsequently raised the regular use exclusion's conflict with the MVFRL in their motion for reconsideration, and they contend that **Rush** constituted a fundamental change in controlling law which occurred during the pendency of this case and they are entitled to its application. **Id.** at 5-7.

GEICO asserts that Appellants waived any argument concerning **Rush** due to their failure to raise it in their brief in opposition to GEICO's motion for summary judgment. GEICO's Brief at 10. Further, GEICO alleges that in their brief in opposition to GEICO's motion for summary judgment, Appellants argued only that there are genuine issues of material fact concerning whether the vehicle in question was regularly used. **Id.** at 14-15. Accordingly, GEICO contends that the validity of the regular use exclusion and conflict with the MVFRL is waived. **Id.** at 15.

When reviewing an order granting summary judgment, we are guided by the following principles:

---

[2] 75 Pa.C.S. §§ 1701-1799.7.

Our standard of review is *de novo* and our scope of review is plenary. Summary judgment is appropriate where there is no genuine issue of material fact as to a necessary element of a cause of action that can be established by discovery or expert report. In reviewing an order granting a motion for summary judgment, an appellate court must examine the entire record in the light most favorable to the non-moving party and resolve all doubts against the moving party.

***Liberty Mutual Group, Inc. v. 700 Pharmacy, LLC***, 270 A.3d 537, 547-48 (Pa. Super. 2022) (citations omitted and formatting altered).

We note that the trial court filed its Rule 1925(a) opinion on September 27, 2021, in which it opined that summary judgment was proper. Trial Ct. Op., 9/27/21. However, as noted, after **Rush** was filed on October 22, 2021, the trial court authored a supplemental opinion on November 3, 2021, in which it concluded that **Rush** changed controlling case law and requested that this Court remand the matter to the trial court for further proceedings. Supp. Trial Ct. Op., 11/3/21, at 1-2.

In **Rush**, this Court held that a "regular use" exclusion in an automobile insurance policy is unenforceable because it conflicts with the MVFRL:

The regular use exclusion in the [policy] limits the scope of UIM coverage required by Section 1731 by precluding coverage if an insured is injured while using a motor vehicle that the insured regularly uses but does not own. This exclusion conflicts with the broad language of Section 1731(c), which requires UIM coverage in those situations where an insured is injured arising out of the use of a motor vehicle. In other words, the exclusion limits Section 1731(c)'s coverage mandate to situations where an insured is injured arising out of use of an owned or occasionally used motor vehicle. Since the regular use exclusion conflicts with the clear and unambiguous language of Section 1731 of the MVFRL, it is unenforceable.

***Rush***, 265 A.3d at 797 (formatting altered).

Although GEICO claims that Appellants waived application of ***Rush***, we note that "[t]he general rule followed in Pennsylvania is that we apply the law in effect at the time of an appellate decision. Thus, a party whose case is pending on direct appeal is entitled to the benefit of changes in law which occur before the judgment becomes final." ***Amato v. Bell & Gossett***, 116 A.3d 607, 617 (Pa. Super. 2015) (citations omitted and formatting altered); ***see also Commonwealth v. Chesney***, 196 A.3d 253, 257 (Pa. Super. 2018) (same). This general rule assumes the issue was preserved at each stage of the litigation including direct appeal. ***Amato***, 116 A.3d at 617. "However, where a fundamental change in the law occurs after the lower court enters its order, but before the appellate court rules, the failure to raise the issue in the lower court will not preclude appellate review of that issue." ***Cleveland v. Johns-Manville Corp.***, 690 A.2d 1146, 1151 (Pa. 1997) (citation omitted).

Here, summary judgment centered on the application of the regular use exclusion, and it is undisputed that while this matter was pending, the ***Rush*** Court held that a regular use exclusion conflicted with the MVFRL. ***Rush***, 265 A.3d at 797. After review, we agree with the trial court that remand is proper. ***See*** Supp. Trial Ct. Op., 11/3/21, at 1-2. Pursuant to the authority cited above, we remand this matter for the trial court to consider, in the first instance, whether ***Rush*** announced a fundamental change in the law pursuant to ***Cleveland***, excusing Appellants from the need to specifically raise the issue, or whether Appellants were required to, and in fact did, preserve the

- 5 -

issue as contemplated in **Amato**. **See Amato**, 116 A.3d at 617; **see also Cleveland**, 690 A.2d at 1151. Once the court determines if the issue was preserved, it shall then determine if **Rush** applies. **See, e.g.**, **Jones v. Erie Insurance Exchange**, 282 A.3d 1139, 1141-45 (Pa. Super. 2022) (applying **Rush** to an appeal from an order granting judgment on the pleadings that was pending when **Rush** was decided).

For the reasons set forth above, we vacate the order granting summary judgment and remand this matter to the trial court for further proceedings.

Order vacated. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judge Murray joins the memorandum.

Judge Sullivan concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/6/2023