J-A18023-22

2024 PA Super 139

| | | |
|---|---|---|
| JOHN JONES AND TANYA JONES | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellants | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ERIE INSURANCE EXCHANGE | : | No. 690 WDA 2020 |

Appeal from the Judgment Entered June 30, 2020
In the Court of Common Pleas of Erie County
Civil Division at 11527-2019

BEFORE:  STABILE, J., MURRAY, J., and McLAUGHLIN, J.

OPINION BY MURRAY, J.:                                     **FILED: JULY 3, 2024**

In this underinsured motorist (UIM) automobile insurance action, John Jones and Tanya Jones (Appellants) appeal from the judgment entered against them and in favor of Erie Insurance Exchange (Erie), following the trial court's grant of Erie's motion for judgment on the pleadings. At issue is whether the "regular use" contractual exclusion, contained in Appellants' personal automobile insurance policy issued by Erie (Policy), violates Pennsylvania's Motor Vehicle Financial Responsibility Law (MVFRL).[1] This case returns to us

_____

[1] The MVFRL, 75 Pa.C.S.A. § 1701, *et seq.*, "is comprehensive legislation governing the rights and obligations of the insurance company and the insured under liability insurance policies covering motor vehicles." **Sayles v. Allstate Ins. Co.**, 219 A.3d 1110, 1124 (Pa. 2019) (citation omitted). As our Supreme Court recently explained in the pivotal case, **Rush v. Erie Ins. Exch.**, 308 A.3d 780 (Pa. 2024) (**Rush II**), the "provisions of the MVFRL pertaining to the required scope of coverage and content of automobile insurance policies, and benefits payable thereunder, impose mandatory obligations applicable to all automobile insurance providers" in Pennsylvania. **Id.** at 790 (citation
*(Footnote Continued Next Page)*

on remand, following the Pennsylvania Supreme Court's decision in ***Jones v. Erie Ins. Exch.***, 2024 WL 1733705, 253 WAL 2022 (Pa. 2024) (*per curiam*) (***Jones II***).  The ***Jones II*** Court granted Erie's petition for allowance of appeal of this panel's prior decision in ***Jones v. Erie Ins. Exch.***, 282 A.3d 1139 (Pa. Super. 2022) (***Jones I***).[2]  The Supreme Court vacated ***Jones I*** and remanded the matter to this Court "for further proceedings consistent with ***Rush*** [***II***.]" ***Jones II***; ***see also generally Rush II***.  Consistent with ***Jones II*** and ***Rush II***, we affirm.

_____

omitted); ***see also*** 75 Pa.C.S.A. § 1731(c) (governing the availability and scope of UIM coverage, and content of the contractual UIM rejection provision).

[2] This Court in ***Jones I*** reversed the trial court's order granting Erie's motion for judgment on the pleadings, and remanded for further proceedings.  ***See generally Jones I***, 282 A.3d 1139.  We concluded the trial court erred as a matter of law in failing to apply then-existing precedent (*i.e.*, the predecessor of ***Rush II***, *supra*).  ***See id.*** (applying ***Rush v. Erie Ins. Exch.***, 265 A.3d 794 (Pa. Super. 2021) (***Rush I***) (overruled by ***Rush II***, 308 A.3d at 802 (concluding "regular use" automobile insurance policy exclusions constitute "a permissible limitation of UIM coverage," and are not violative of the MVFRL or public policy)).  Specifically, the panel in ***Jones I*** held the Policy's regular use exclusion was unenforceable as violative of Section 1731 of the MVFRL, concluding, "***Rush*** [***I***] is controlling."  ***Jones I***, 282 A.3d at 1145; ***see also id.*** ("[**U**]**ntil the Supreme Court overrules Rush** [***I***], [that] decision is the law of this Commonwealth." (citation and internal quotation marks omitted; emphasis added)).  Thus, we "conclude[d] the trial court erred in granting Erie's motion for judgment on the pleadings, as its right to succeed was not certain."  ***Id.*** at 1149.

We further note that the trial court did not have the benefit of ***Rush I*** at the time of its grant of Erie's motion for judgment on the pleadings, and subsequent filing of its Pa.R.A.P. 1925(a) opinion.  ***See generally*** Trial Court Opinion, 9/11/20; Order and Opinion, 6/17/20.

A detailed factual history is unnecessary to address the legal issue presented on remand. Briefly,

> [t]his case stems from a motor vehicle accident wherein [a]ppellant John Jones [(Jones)] was operating his employer's, Time Warner Cable's, bucket truck when he became involved in a motor vehicle accident with a third party driver. [] Jones suffered various injuries due to this accident. The third party driver's insurer paid to [Appellants] the $100,000.00 maximum allowed under the third party driver's [automobile insurance] policy. However, Appellants subsequently filed a supplemental claim for … [UIM] coverage with [Erie], their own personal automobile insurer[, claiming their injuries and damages exceeded the third party driver's coverage limit]. [Erie] denied Appellants' UIM claim pursuant to the "regularly used, non-owned vehicle exclusion" [(regular use exclusion)[3]] contained in Appellants' [P]olicy because … Jones was operating his employer's vehicle, for which Appellants had not purchased insurance.

Trial Court Opinion, 9/11/20, at 1-2 (footnote added); *see also id.* at 2 ("The material facts … are not in dispute," including that Jones regularly used the vehicle for work).

On August 30, 2019, Appellants filed a complaint against Erie asserting one count of breach of contract. Erie filed an answer, new matter, and counterclaim on October 4, 2019. Erie filed its motion for judgment on the pleadings on February 3, 2020, claiming "pursuant to Pennsylvania law …, [Appellants' UIM] claim is barred by the 'regular use' exclusion." Motion for

---

[3] The regular use exclusion limited the scope of UIM coverage under the Policy. Specifically, it provided that UIM insurance coverage would not apply to, "bodily injury to 'you' … using a non-owned 'motor vehicle' … which is regularly used by 'you' … but not insured for Uninsured or Underinsured Motorists Coverage under this [P]olicy." Complaint, 8/30/19, Ex. 1 (Policy UIM/UM Coverage Endorsement at p. 3) (emphasis omitted).

- 3 -

Judgment on the Pleadings, 3/3/20, ¶ 29. Appellants filed a response, arguing the regular use exclusion was unenforceable as being contrary to the MVFRL and public policy. *See generally* Brief in Opposition, 3/2/20.

After a hearing, by order and opinion entered June 17, 2020, the trial court granted Erie's motion for judgment on the pleadings. Judgment was entered in Erie's favor on June 30, 2020. Appellants timely filed a notice of appeal. Appellants and the trial court complied with Pa.R.A.P. 1925.

In its Rule 1925(a) opinion, the trial court rejected Appellants' claims and determined it properly granted judgment on the pleadings, reasoning in relevant part:

> In Pennsylvania, the "regularly used, non-owned vehicle exclusion" has been held by the [Pennsylvania] Supreme Court to be valid and enforceable under the MVFRL and public policy. *See Bur[]stein v. Prudential Property and Cas. Ins. Co.*, 809 A.2d 204 (Pa. 2002); *Williams v. Geico Government Employees Ins. Co.*, 32 A.3d 1195 (Pa. 2011)[.]

Trial Court Opinion, 9/11/20, at 6.[4]

_____

[4] The trial court additionally distinguished the primary authority upon which Appellants relied, *Gallagher v. Geico Indem. Co.*, 201 A.3d 131 (Pa. 2019). *See* Trial Court Opinion, 9/11/20, at 7-11; Order and Opinion, 6/17/20, at 3, 4 (concluding, "the *Gallagher* case does not apply to the regularly used, non-owned vehicle exclusion to []UIM automobile insurance coverage in Pennsylvania," or implicate MVFRL Section 1731 (internal quotation marks omitted)). The *Gallagher* Court held a different automobile insurance policy exclusion, the "household vehicle exclusion," was unenforceable as violative of a section of the MVFRL not implicated in the instant appeal, 75 Pa.C.S.A. § 1738. *See Gallagher*, 201 A.3d at 138.

Following proceedings not relevant to this appeal, this panel issued our opinion in **Jones I** on September 7, 2022. **See generally Jones I**, 282 A.3d 1139. As mentioned above, in reversing the grant of Erie's motion for judgment on the pleadings, we concluded **Rush I** was controlling.[5] **Id.** at 1145; **see also id.** at 1143-45 (discussing **Rush I**, and the parties' respective arguments concerning **Rush I** and MVFRL Section 1731).

As our Supreme Court explained,

[i]n [**Rush I**], the Superior Court observed that Section 1731 of the MVFRL governs the scope of UIM coverage in Pennsylvania. [**Rush I**, 265 A.3d] at 796 (citing 75 Pa.C.S. § 1731). Specifically, it highlighted that Section 1731(c) provides that "absent a rejection of coverage, insurers shall provide UIM coverage that 'protect[s] persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles.'" **Id.** (citing 75 Pa.C.S. § 1731(c)). Based upon this language, the Superior Court concluded that Section 1731(c) "mandates" insurers to provide coverage when the insured: (1) suffers injuries arising out of the maintenance or use of a motor vehicle, (2) is legally entitled to recover damages from the at-fault underinsured driver; and (3) has not rejected UIM benefits by signing a valid rejection form. **Id.** at 796-97.

---

[5] In **Jones I**, we additionally cited, as persuasive, the federal district court's decision in **Johnson v. Progressive Advanced Ins. Co.**, 587 F. Supp. 3d 277 (W.D. Pa. 2022). **See Jones I**, 282 A.3d at 1145-48; **see also id.** at 1145 n.4 ("Pennsylvania Courts may look to federal case law for its persuasive value." (citation and quotation marks omitted)). The **Johnson** Court stated, "[B]ecause the Superior Court in **Rush** [**I**] … held that the regular use clause of an insurance contract contravenes Section 1731 of the MVFRL, [the federal court] is bound by that decision, as it is the most current body of law governing this discreet issue." **Johnson**, 587 F. Supp. 3d at 285-86 (footnote and hyphen omitted); **see also id.** at 286 n.5 (stating the Court was not "convinced" that the highest Court of this Commonwealth might eventually decide contrary to **Rush I**).

The [**Rush I**] Court further emphasized that Section 1731 defines the scope of UIM coverage broadly, as such coverage is required whenever an insured suffers injuries "arising out of the … use of **a** motor vehicle." **Id.** at 797 (quoting 75 Pa.C.S. § 1731(c)) (emphasis in original) (internal quotations omitted). According to the court, Section 1731 considers neither the owner of the vehicle nor the frequency with which the insured uses it. **Id.** The Superior Court concluded that the "regular use" exclusion conflicts with the broad language of Section 1731(c)'s coverage mandate because it limits "the scope of UIM coverage required by Section 1731 by precluding coverage if an insured is injured while using a motor vehicle that the insured regularly uses but does not own." **Id.**

**Rush II**, 308 A.3d at 783-84 (footnote omitted).

In **Rush II**, the Supreme Court overruled **Rush I**, stating, "the Superior Court's conclusion that the regular use exclusion violates the language of the MVFRL is erroneous." **Id.** at 802 (internal quotation marks omitted). The **Rush II** Court determined that prior Supreme Court precedent (*i.e.*, **Burstein** and **Williams**)[6] "control[s] the outcome of this appeal." **Rush II**, 308 A.3d

---

[6] In **Burstein**, the plaintiffs were injured while occupying an employer-owned vehicle, which they regularly used. **Burstein**, 809 A.2d at 205. The plaintiffs filed a UIM claim with their personal automobile insurer/defendant. **Id.** The defendant denied coverage under the regular use exclusion of the plaintiffs' insurance policy. **Id.** The plaintiffs filed an action claiming the regular use exclusion was unenforceable as violative of public policy. **Id.** at 205-06. The trial court agreed, and this Court later affirmed. **Id.** at 206. However, our Supreme Court reversed, concluding the regular use exclusion "comport[s] with the underlying policies of the MVFRL" and is enforceable. **Id.** at 210. The Supreme Court reasoned that invalidating regular use exclusions would force insurers "to increase the cost of insurance, which is precisely what the public policy behind the MVFRL strives to prevent." **Id.** at 208.

In **Williams**, our Supreme Court "reaffirm[ed] **Burstein** and h[e]ld that the regular use exclusion is not void as against public policy." **Williams**, 32

*(Footnote Continued Next Page)*

at 791; *see also id.* at 791-795, 796-800 (exhaustively analyzing **Burstein**

and **Williams**).

> There is no doubt that this Court held in both **Burstein** and **Williams** that **the regular use exclusion is permissible under the MVFRL**, and that the interpretation has persisted for two decades without a legislative response.

*Id.* at 795 (internal quotation marks omitted; emphasis added); *see also*

**Burstein**, 809 A.2d at 208-10; **Williams**, 32 A.3d at 1206.

> The **Rush II** Court opined,

> [i]f the MVFRL does not require that UIM coverage follow the insured in all circumstances, then the MVFRL cannot be read to prohibit exclusions from UIM coverage. Consequently, the insurance contract controls the scope of UIM coverage and the regular use exclusion is enforceable.

**Rush II**, 308 A.3d at 801 (internal quotation marks omitted).

> The **Rush II** Court concluded,

> because we find that **Burstein** and **Williams** resolved the issue presented in this appeal, **we continue to hold that the regular use exclusion is a permissible limitation of UIM coverage under the MVFRL**. With decades of reliance by insureds and insurers, and no justification to allow this Court to depart from decades of established law, we maintain our course unless and until the General Assembly or the Insurance Department acts in a way that would suggest we do otherwise.

*Id.* at 802 (footnote and internal quotation marks omitted; emphasis added).

---

A.3d at 1206 (hyphen omitted). The Supreme Court further rejected the appellant's claim that regular use exclusions violate MVFRL Section 1731. *Id.* at 1207-08. The Court reasoned, "to preclude long-standing exclusions to UIM coverage on public policy grounds would violate" the rule of *stare decisis*, which "requires adherence to prior decisions interpreting specific statutory language." *Id.* at 1208.

Following **Rush II**, our Supreme Court decided **Jones II** on April 23, 2024. The **Jones II** Court vacated this Court's decision in **Jones I**, and remanded the matter "for further proceedings consistent with **Rush** [**II**.]" **Jones II**, 2024 WL 1733705.

In their appellate brief,[7] Appellants present three issues:

A. Whether the "regular use" exclusion may not be enforced because to do so would conflict with this Court's decision in **Rush** [**I**]?

B. Whether the "regular use" exclusion may not be enforced because it operates to limit the scope of underinsured motorist coverage required by the MVFRL?

C. Whether the "regular use" exclusion is unenforceable because it is contrary to public policy articulated in the MVFRL?

Appellants' Brief at 3-4 (citation and some capitalization modified).

We simultaneously address Appellants' related issues. In applying **Rush II**, and addressing the pure question of law before us, our scope of review is plenary and our standard of review is *de novo*. **Rush II**, 308 A.3d at 789-90 (citing **Generette**, 957 A.2d at 1189). Moreover, a "motion for judgment on the pleadings will be granted where, on the facts averred, the law says with certainty that no recovery is possible." **Ins. Fedn. of Pa., Inc. v. Commonwealth**, 970 A.2d 1108, 1114 (Pa. 2009) (citation omitted).

---

[7] Following the Supreme Court's remand in **Jones II**, this Court did not direct the parties to file new briefs.

The Supreme Court's holding in **Rush II** is clear. **Rush II** unambiguously held regular use exclusions do not violate the MVFRL, constitute "a permissible limitation of UIM coverage," and comport with prior Supreme Court precedent. **Rush II**, 308 A.3d at 802; **see also id.** ("[W]e are bound by our prior decisions in **Burstein** and **Williams** in upholding the 'regular use' exclusion as a permissible limitation of UIM coverage."). Equally clear is the Supreme Court's directive in **Jones II**, requiring this Court to apply **Rush II** to the instant case.[8] **Jones II**, 2024 WL 1733705.

As stated above, the trial court in this case correctly opined that regular use exclusions "ha[ve] been held by the Supreme Court to be valid and enforceable under the MVFRL and public policy." Trial Court Opinion, 9/11/20, at 6 (citing **Burstein** and **Williams**); **see also Rush II**, 308 A.3d at 802. Accordingly, we conclude the trial court properly granted Erie's motion for judgment on the pleadings, as "the law says with certainty that no recovery is possible." **Ins. Fedn. of Pa.**, 970 A.2d at 1114; **see also generally Rush II**.

_____

[8] The parties did not have the benefit of **Rush II** when they filed their briefs in this Court in 2022. Appellants rely on the overruled **Rush I** decision to support their claims of trial court error in granting Erie's motion for judgment on the pleadings. **See**, **e.g.**, Appellants' Brief at 6, 10-14, 18-19, 22; Appellants' Reply Brief at 1-4. Erie correctly counters that **Rush I** is contrary to established Supreme Court precedent, namely, **Williams** and **Burstein**. **See** Appellee's Brief at 31-33, 35. Erie claims **Rush I** was "improperly decided … and is in discord with the rest of the appellate decisions on this issue." **Id.** at 35; **see also id.** at 8 (arguing **Rush I** "is 'on an island' as the sole decision finding that the 'regular use exclusion,' … violate[d] 75 Pa.[]C.S. § 1731.").

Based on the foregoing, and consistent with **Rush II**, none of Appellants' issues entitle them to relief. Accordingly, we affirm the judgment entered in favor of Erie.

Judgment affirmed.

Judge McLaughlin joins the opinion.

Judge Stabile concurs in the result.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

DATE: 7/3/2024